UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
|  | : CHAPTER 7 |
| ELAINE COLE | : CASE NO. 21-21071-JJT |
|  | : |
| DEBTOR | : NOVEMBER 24, 2021 |

**TRUSTEE'S APPLICATION FOR APPROVAL
OF EMPLOYMENT RANDALL REALTORS AS REAL ESTATE BROKER**

The application of Anthony S. Novak, Trustee, pursuant to 11 U.S.C. §327, respectfully represents:

1. Applicant is the duly qualified Trustee in this case.

2. It is necessary that your applicant employ a real estate broker to list and attempt to sell 17 Burrows Street, Mystic, CT (the "Property"). The Real Property is a single family dwelling which was listed, marketed and shown both pre-petition and post-petition by the local real estate brokerage firm of Randall Realtors of Mystic, Connecticut and is the subject of a pre-petition contract of sale for $589,000.00.

3. Based on a market analysis by Randall Realtors dated September 2021, said Property has a fair market value of approximately $589,000.00.

4. The Debtor's schedules list the fair market value of the Property as $530,100.00.

5. Based on a market analysis requested by the Trustee and prepared by Randall Realtors, the recommended listing price for said Property is $599,000.00. A proposed Listing Agreement between the bankruptcy estate and Randall Realtors is attached hereto as Exhibit A.

1

6. Based on the Debtor's schedules, the only liens on said Property appear to be a first mortgage to Department of Economic & Community Development in the amount of approximately $115,274.14 and a second mortgage to TD Bank in the amount of approximately $120,830.00.

7. The Debtor has claimed an exemption of $250,000.00 in said Property pursuant to Conn. Gen. Stat. §52-352b(t) totaling $250,000.00.

8. At a $589,000.00 sales price, there appears to be non-exempt equity in the Property in the approximate amount of $70,000.00.

9. Your applicant wishes to employ Susan Robotham of Randall Realtors ("Randall"), 22 Holmes Street, Mystic, CT 06355 because they are a local real estate broker which is familiar with the Property and Connecticut real property customs and sales. Randall's Exclusive Right to Sell Agreement is attached hereto and made a part hereof.

10. The professional services to be performed by Randall include listing the above Real Property and showing said Real Property for sale and/or adopting the pre-petition sales contract of $589,000.00 which was procured by Randall Realtors pre-petition but which has not yet closed.

11. The terms of said employment is for a period of *SIX (6) months* (ending February 1, 2022) on a commission basis of Five (5%) percent of the sales proceeds. Any sale would be subject to Court approval. The proposed Listing price would be $589,000.00.

12. Your applicant believes that retention of Randall is within the best interests of the Estate because the Trustee has inquired as to the reputation and experience of Susan Robotham and upon information and belief the Trustee believes that this broker will be

able to produce buyers for said Property in an expedited manner, including the finalization of the pre-petition sales contract procured by Randall at a $589,000.00 sales price.

13. To the best of the applicant's knowledge, Susan Robotham of Randall has no connections with the Debtor, any of her creditors, or any other party in interest in this case, or any of their respective attorneys and accountants, and is a disinterested person within the meaning of 11 U.S.C. §101(14) except that Susan Robotham had a sales listing on said property pre-petition with an asking price of $599,000.00.

14. The Debtor is in agreement that the appointment of Randall Realtors is in the best interests of all parties.

WHEREFORE, the Applicant prays that the Court approve the employment of Susan Robotham of Randall Realtors to list and sell said Real Property for $589,000.00 as set forth above, including the possible sale of the Real Property upon the terms of a proposed pre-petition sales contract for $589,000.00 on said Real Property, and that the Court grant such other and further relief as the Court deems just.

                                                            CHAPTER 7 TRUSTEE

                                                            By: /s/ Anthony S. Novak
                                                                Anthony S. Novak, Esq.
                                                                Fed. Bar #ct09074
                                                                Trustee In Bankruptcy
                                                                280 Adams Street
                                                                Manchester, CT 06040
                                                                Tel: 860-432-7710
                                                                Email: anthonysnovak@aol.com




Eastern Connecticut Association of REALTORS®
**EXCLUSIVE LISTING CONTRACT**
Page 1 of 2

**PARTIES AND PROPERTY**

_____ Elaine _____ Cole _____, the SELLER(S),

give _____ **Randall Realtors Compass** _____, the BROKER,

located at **22** _____ Holmes _____ St _____ 06355 _____,

the right to sell the SELLER(S)' real property located at ___ **17** ___ **Burrows Street** ___

___ **Mystic** ___ Connecticut, (VOL. **612**, PAGE **901**) for $ **599,000**

NOTICE: THE AMOUNT OR RATE OF BROKER COMPENSATION IS NOT FIXED BY LAW. IT IS SET BY EACH BROKER INDIVIDUALLY AND MAY BE NEGOTIABLE BETWEEN YOU AND THE BROKER.
NOTICE: THIS AGREEMENT IS SUBJECT TO THE CONNECTICUT GENERAL STATUTES PROHIBITING DISCRIMINATION IN COMMERCIAL AND RESIDENTIAL REAL ESTATE TRANSACTIONS (C.G.S. TITLE 46A, CHAPTER 814C).
NOTICE: THE SELLER(S) HAVE CERTAIN OBLIGATIONS UNDER TITLE X OF THE RESIDENTIAL LEAD BASED PAINT HAZARD REDUCTION ACT OF 1992.
NOTICE: THE REAL ESTATE BROKER MAY BE ENTITLED TO CERTAIN LIEN RIGHTS PURSUANT TO SECTION 20-325A OF THE CONNECTICUT GENERAL STATUTES.

SELLER(S)' AGREEMENTS - The SELLER(S) agree that:
(1) This Contract will be in effect ___ **August** ___ **31**, 20**21**, through and including ___ **Feb** ___ **1**, 20**22**.
(2) During the term of this agreement, whenever a ready, willing and able buyer is procured to Purchase/Exchange/Lease/Option or otherwise transfer the property for the price as shown in this agreement or for any other price or upon such terms as may be agreed to by the SELLER(S), the SELLER(S) will owe the BROKER a commission of ___ **5%** ___ of the sale price. Payment of the commission owed may be made at any time after the BROKER procures the buyer but not later than at the time of closing.
(3) The SELLER(S) further agree that the BROKER shall be entitled to a commission if the property is sold by the BROKER, the SELLER(S) or anyone, within ___ **30** ___ days after the expiration of this contract or any extension hereof, to any person to whom the BROKER has shown the property. However, in the event that the SELLER(S) list said property with another BROKER within the days shown above, and if the SELLER(S) actually pay a commission to such BROKER, then the SELLER(S) shall not be obligated to the BROKER for any commission.
(4) If a sale is not consummated because of the SELLER(S)' refusal to perform, then the full commission shall be due and payable upon such refusal.
(5) In the event a buyer defaults on the buyer's obligations under a purchase and sale agreement and forfeits deposit monies to the SELLER(S) as liquidated damages, whether by agreement of the buyer or otherwise, the BROKER and SELLER(S) shall share equally in the liquidated damages for that transaction providing the BROKER'S share may not exceed what the commission obligation would have been had that transaction closed. BROKER and SELLER(s) agree any such monies received are for liquidated damages and not commission.
(6) The SELLER(S) have informed the BROKER of all material defects regarding the listed property, and the SELLER(S) agree to hold the BROKER harmless in connection with any damages (including court costs and attorney's fees, if applicable), which the BROKER may suffer due to any information which the SELLER(S) withheld from the BROKER or supplied to the BROKER incorrectly. The SELLER(S) acknowledge that if the SELLER(S) do not furnish buyer(s) with the Residential Property Condition Disclosure Report required by C.G.S. 20-327b prior to the buyer(s)' execution of a Purchase & Sale Agreement, the SELLER(S) will be liable for a $500 credit to buyer(s) off the purchase price at closing.
(7) The BROKER may enforce this Contract against the SELLER(S), or against the SELLER(S)' heirs, administrators, executors and assigns.
(8) The BROKER ( **X** may) (_____ may not) place For Sale, Pending, Sold, other marketing signs and the like on the listed property.
(9) The BROKER ( **X** may) (_____ may not) install a lockbox on the listed property. THE SELLER(S) understand that REALTOR® members of any Association of REALTORS® who purchase lockbox keys may have access to this lockbox.
(10) Unless SELLER(S) deliver to BROKER a written certification, in a form acceptable to BROKER, that SELLER(S) do not desire the Listing Content to be disseminated by a multiple listing service, SELLER(S) acknowledge and agree that all photographs, images, graphics, video recordings, virtual tours, drawings, written descriptions, remarks, narratives, pricing information, and other copyrightable elements relating to the Property provided by SELLER(S) to BROKER or BROKER's agent (the "Seller Listing Content"), or otherwise obtained or produced by BROKER or BROKER's agent in connection with this Agreement (the "Broker Listing Content"), and any changes to the Seller Listing Content or the Broker Listing Content, may be filed with one or more multiple listing services, included in compilations of listings, and otherwise distributed, publicly displayed and reproduced. SELLER(S) hereby grant to BROKER a non-exclusive, irrevocable, worldwide, royalty free license to use, sublicense through multiple tiers, publish, display, and reproduce the Seller Listing Content, to prepare derivative works of the Seller Listing Content, and to distribute the Seller Listing Content or any derivative works thereof. SELLER(S) represent and warrant to BROKER that the Seller Listing Content, and the license granted to BROKER for the Seller Listing Content, does not violate or infringe upon the rights, including any copyright rights, or any person or entity. SELLER(S) acknowledge and agree that as between SELLER(S) and BROKER, all Broker Listing Content is owned exclusively by BROKER, and SELLER(S) have no right, title or interest in or to any Broker Listing Content.
(11) Unless otherwise indicated below, the SELLER(S) are aware and consent that the Connecticut Multiple Listing Service, Inc., transmits listing information for web site display to REALTOR.com, a service of the National Association of REALTORS®, and to those members who display MLS property information on their individual web sites in accordance with the Connecticut Multiple Listing Service, Inc. Internet Data Exchange policy.

____ Exclude the SELLER(S)' listing from IDX and realtor.com  ____ Exclude the SELLER(S)' listing from realtor.com
____ Exclude the SELLER(S)' address from IDX web sites

(12) The SELLER(S) represent and warrant to the BROKER that the payoff of all mortgages, liens, commissions and the SELLER(S)' other closing expenses do not exceed the listing price or any subsequent changes to the listing price of the SELLER(S)' property. Further, the SELLER(S) agree not to execute a Purchase & Sale Agreement with a price insufficient to provide clear title unless the SELLER(S) notify the BROKER as to the deficiency. In the event the SELLER(S)

_Elaine M. Cole_  8/23/21
SELLER                                      Date

SELLER                                      Date

_Susan L Robotham_  8/23/21
Agent on behalf of BROKER          Date

© 2003 Eastern Connecticut Association of REALTORS® Rev. 10/27/09
This contract is for use by Susan Robotham | RANDALL, REALTORS-Compass. Use by any other party is illegal.

**EX. A**

InstanetFORMS

 

Eastern Connecticut Association of REALTORS®
**EXCLUSIVE LISTING CONTRACT**
Page 2 of 2

are in a deficiency situation, unless the Purchase and Sale Agreement is made subject to a lender short sale, the SELLER(S) guarantee to pay the amount creating the deficiency out of the SELLER(S)' other resources at time of closing.

(13) If the BROKER discovers that the SELLER(S) are unable to perform the SELLER(S)' duties under this contract, then the BROKER has the right to terminate this contract by providing written notice to the SELLER(S).

(14) In the event it is necessary for the BROKER to take legal action against the SELLER(S) to enforce any part of this Agreement and changes and extensions thereto, the SELLER(S) agree to pay the BROKER's reasonable attorneys fees and court costs if the BROKER prevails, in addition to any other award or negotiated settlement.

(15) The SELLER(S) represent to the BROKER that the SELLER(S) have hazard/liability insurance on the property that will cover the BROKER, other REALTORS®, inspectors, appraisers, potential buyers and anyone else requiring access as part of the real estate process, for any injury and/or damages caused while on the property, and the SELLER(S) hereby indemnify and hold the BROKER harmless for any such injury and/or damages and related costs, fees and expenses.

(16) The SELLER(S) understand and agree that the BROKER may also become a buyer's agent for the property. In that event, the BROKER would become a dual agent, representing both the SELLER(S) and the buyer. If this situation should arise, the BROKER will present a dual agency and/or a designated agency consent agreement for the buyer's and SELLER(S)' signature at that time.

(17) The SELLER(S) agree that when the SELLER(S) have signed a Purchase & Sale Agreement on the property, the BROKER will change the SELLER(S)' status in the Connecticut Multiple Listing Service, Inc. to an "Under Deposit" and the BROKER may cease marketing efforts until closing unless directed otherwise in writing by the SELLER(S).

(18) Additional agreements, if applicable: **Sale contingent on seller moving into local housing already identified**

(19) USE OF ELECTRONIC RECORD: The parties agree that they may use an electronic record, including fax or e-mail, to make and keep this Agreement. Either party has the right to withdraw consent to have a record of this Agreement provided or made available to them in electronic form, but that does not permit that party to withdraw consent to the Agreement itself once it has been signed. A party's agreement to use an electronic record applies only to this particular real estate transaction and not to all real estate transactions.

For access to and retention of faxed records, there are no special hardware or software requirements beyond access to a fax machine or fax modem and accompanying software connected to a personal or laptop computer. For access to and retention of e-mail records, you will need a personal or laptop computer, Internet account and e-mail software.

The Listing Agent as agent for BROKER wishes to use
☐ Fax machine. fax number is:_____  ☒ E-mail. E-mail address is: susanrobotham@randallrealtors.com

The SELLER wishes to use
☐ Fax machine. fax number is:_____  ☒ E-mail. E-mail address is: emcmrrd@gmail.com

Each party will promptly inform the other of any change in E-mail address or fax number in writing.

**BROKER'S AGREEMENTS** - The Broker agrees that:

(20) The BROKER will use reasonable efforts to sell the listed property.

SELLER(S) to initial either (21a) or (21b) below:
(21a) The BROKER ( __X__ will) submit the listed property to members of the Connecticut Multiple Listing Service, Inc.
OR
(21b) The BROKER ( _____ will not) submit the listed property to members of the Connecticut Multiple Listing Service, Inc. The SELLER(S) acknowledge being fully informed by the BROKER of the benefits of using the Connecticut Multiple Listing Service, Inc. for the sale of the SELLER(S)' property. The SELLER(S) do not wish to have their property submitted to any Connecticut Multiple Listing Service, Inc. database and therefore request a "withheld listing" although the SELLER(S) understand that the listing contract must be submitted to the Connecticut Multiple Listing Service, Inc., per their rules and regulations.

SELLER(S) to initial either (22a) or (22b) below:
(22a) __X__ **Exclusive Right to Sell Listing**: The SELLER(S) are obligated to pay a commission if the BROKER, the SELLER(S) or anyone else finds a Buyer ready, willing and able to buy the listed property either for the listed price or for any other price accepted by the SELLER(S).
OR
(22b) _____ **Exclusive Agency Listing**: The SELLER(S) retain the right to sell the property themselves without obligation to the BROKER. The SELLER(S) are not obligated to pay a commission to the BROKER unless the BROKER has been the procuring cause of sale, in which case the provisions of paragraph (2) shall apply.

(23) The BROKER further agrees that: _____

(24) The BROKER will withhold the following SELLER(S)' information: __X__ name __X__ address __X__ telephone #.

By signing below the parties hereby acknowledge receipt of a copy of this listing contract.

X _Elaine M Cole_ (signature)  Date: 8/23/21
SELLER
**17 Burrows**
Address
emcmrrd@gmail.com
Email                                    Phone

_____  _____
SELLER                              Date
Address
_____
Email                                    Phone

_____  _____
SELLER                              Date
Address
_____
Email                                    Phone

_Susan Robotham_ (signature)  Date: 8/23/21
Agent on behalf of BROKER
**22**
Address
susanrobotham@randallrealtors.com
Email                                    Phone

© 2003 Eastern Connecticut Association of REALTORS® Rev. 7/2/12

This contract is for use by Susan Robotham | RANDALL, REALTORS-Compass. Use by any other party is illegal.

InstanetFORMS

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | : CHAPTER 7 |
| ELAINE COLE | : CASE NO. 21-21071-JJT |
| | : |
| DEBTOR | : |

### AFFIDAVIT OF PROPOSED REAL ESTATE AGENT

STATE OF CONNECTICUT )
                           ) ss: Mystic
COUNTY OF NEW LONDON)

I, Susan Robotham, hereby make solemn oath:

1. I am a licensed real estate sales agent, duly authorized to do business in the State of Connecticut.

2. I am employed as a real estate agent by Randall Realtors, 22 Holmes Street, Mystic, CT 06355.

3. I have a Connecticut Real Estate Broker License.

4. I have no connection with the above-named Debtor, her creditors, or any party in interest herein.

5. The professional services to be rendered by myself and Randall Realtors include finding a buyer and consummating a sale for the Debtor's property located at 17 Burrows Street, Mystic, CT (the "Property").

6. The terms of my employment is for a period of _SIX 6) months_ (ending February 1, 2022) with a commission of Five Percent (5%); I understand that any sale is subject to Court approval and to the approval of secured lien holders on said Real Property.

7. On or about September 27, 2021, my efforts procured a purchase and sale offer on said Real Property of $589,000.00 which Purchase and Sales Agreement is pending and has not yet closed.

8. I understand that any commission and costs related to a successful sale must be approved by the Bankruptcy Court after application and hearing.

_____
Susan Robotham

Subscribed and sworn to before me this 24 day of November 2021.

_____
Notary Public   Exp 10/26
Commissioner of Superior Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE | : |
| | :    CHAPTER 7 |
| ELAINE COLE | :    CASE NO. 21-21071-JJT |
| | : |
| DEBTOR | : |

### PROPOSED ORDER APPOINTING REAL ESTATE BROKER

Upon the application of Anthony S. Novak, Trustee, for authority to employ Susan Robotham of Randall Realtors as real estate broker to sell the estate's interest in the real property known as 17 Burrows Street, Mystic, CT for a listing price of $589,000.00 and it appearing that Susan Robotham of Randall Realtors is a disinterested person as defined in the Bankruptcy Code, and sufficient cause having been shown, it is

ORDERED that the employment of Susan Robotham and Randall Realtors of 22 Holmes Street, Mystic, CT 06355 as a real estate broker to list, market and sell 17 Burrows Street, Mystic, CT at an asking price of $589,000.00 is approved for a period of ***SIX (6) months*** (ending February 1, 2022) on a commission basis of five percent (5%) of the sales proceed; and it is further

ORDERED that the real estate broker may be eligible for its commission in the event the pre-petition Purchase and Sales Agreement between the estate and Kyla Adams is approved and consummated; and it is further

ORDERED that no commission will be due unless a sale is consummated, payment of which is subject to further order of this Court.